UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONROE STREET PROPERTIES,
LLC, *et al.*,

       Plaintiffs,

v

CITY OF ROCKFORD,

       Defendant.

_____/

Case No. 1:15-cv-785

HON. JANET T. NEFF

**OPINION AND ORDER**

       Pending before the Court are the September 23, 2015 objections from Plaintiffs Monroe Street Properties, LLC; Rum Creek Properties, Inc.; David M. Klinger; and 202 North Monroe, LLC, (collectively "Plaintiffs") and Defendant City of Rockford (Defendant) to a September 9, 2015 Order of the Magistrate Judge allowing intervention by Neighbors for Neighborhood, Inc.; Caleb Sower; and Kristine Sower ("the intervenors") (Objs., Dkts 18 & 19). The intervenors filed a response to the objections (Dkt 25). For the reasons that follow, the Court grants the objections and reverses the September 9, 2015 Order.

## I.  BACKGROUND

       Plaintiffs own or have interests in real property in Rockford, Michigan, specifically, certain individual parcels referred to as the "Tamarack Run Planned Unit Development" (the "Tamarack Run Property") that they seek to develop into residential condominiums (Dkt 1-2, Compl. ¶¶ 1-8). To that end, Plaintiffs applied to rezone the Tamarack Run Property from single family residential

to a planned unit development ("PUD") (*id.* ¶ 9). On February 9, 2015, Defendant, at its regularly scheduled council meeting and following two and one-half hours of public comment, approved the preliminary development plan (*id.* ¶ 22). On March 26, 2015, the Planning Commission held a public hearing on the final development plan, approved the plan and further recommended that the City Council approve it and rezone the property (*id.* ¶¶ 25-26). On June 8, 2015, Defendant held a regularly scheduled council meeting, one purpose of which was to vote on the resolution that would authorize rezoning of the Tamarack Run Property (*id.* ¶ 30). Before the meeting, property owners in the immediate vicinity of the parcels filed a protest petition, which, pursuant to the Michigan Zoning Enabling Act (MZEA), MICH. COMP. LAWS § 125.3403, triggered the requirement that two-thirds of the legislative body approve the amendment to the zoning ordinance (*id.* ¶¶ 31-32). The City Council did not subsequently approve the resolution with the necessary number of votes (*id.* ¶ 39).

On July 9, 2015, Plaintiffs filed suit in the circuit court for Kent County, Michigan, alleging a violation of their substantive due process rights (Count I), an unconstitutional taking of property by regulation (Count II) and 42 U.S.C. § 1983 violations (Count III), and seeking a declaratory judgment (Count IV) (Compl. Dkt 1-2). Specifically, Plaintiffs alleged that Defendant's denial of their request for rezoning was arbitrary and capricious inasmuch as the decision was based on "materially inaccurate facts, made with reckless and/or intentional disregard of the actual facts" (*id.* ¶¶ 41, 44, 52, 55, 60 & 67). On July 30, 2015, Defendant removed the case to this Court based on this Court's federal-question jurisdiction. 28 U.S.C. § 1331. Defendant filed an Answer to the Complaint (Dkt 3), and a scheduling conference was noticed (Dkt 4).

On August 10, 2015, before the date of the scheduling conference, Caleb and Kristine Sower

2

and Neighbors for Neighborhood, Inc. filed their motion to intervene (Dkt 5), seeking to intervene by right in this case pursuant to Federal Rule of Civil Procedure 24(a) (*id.* ¶ 16), or, alternatively, to permissively intervene under Rule 24(b) (*id.* ¶ 25). The intervenors asserted that they would be impacted by any rezoning of the property and that they oppose the rezoning and development of the property that Plaintiffs propose (*id.* ¶ 18). Further, the intervenors opined that "if Plaintiffs and the City plan on settling this case by way of a consent judgment or otherwise, Plaintiffs and the City could effectively override the 'super majority' vote requirement for approval that exists as a result of the protest petition" (*id.* ¶ 19).

The intervenors attached to their motion a proposed Answer and a proposed Counterclaim. In their proposed Counterclaim, intervenors requested an order "declaring that the City lacked authority under the Zoning Ordinance to consider the PUD rezoning application" (Count I) and alleged violations of the Freedom of Information Act (FOIA) (Counts II–IV) (Dkt 5-3). In support of a declaratory judgment, intervenors alleged that the application for rezoning "was not signed by anyone on behalf of any of the entities that actually own the four parcels that comprise the Subject Property" (*id.* ¶ 23). Specifically, intervenors allege that the City did not take any official action to authorize the filing of a rezoning application in connection with the parcel it owned (*id.* ¶ 25).

Plaintiffs and Defendant filed responses in opposition to the motion to intervene (Dkts 6 & 8), and the motion was referred to the Magistrate Judge, who conducted a hearing on September 2, 2015. At the hearing, intervenors' counsel conceded that the Sowers were not signatories to the protest petition inasmuch as they rent their property and the MZEA requires "owners" to sign a protest petition (Dkt 17, Mot. Hrg. Tr. at 4). Counsel also conceded that Neighbors for Neighborhood, Inc. was not incorporated until after the protest petition was filed (*id.*). After

3

colloquy with counsel, the Magistrate Judge ruled from the bench, opining as follows:

> Well, I've decided to grant the motion in part and deny it in part. I'm going to grant it insofar as I think that the *Providence Baptist* case is very close to being directly on point, but there is this wrinkle of the allegation that the ordinance wasn't followed which defeats plaintiffs' claim.
>
> But I'm not going to allow the Freedom of Information Act claim, intervention on that, because I think that's a stand-alone claim that's either going to rise or fall on its own merits, and if the plaintiff—if the intervenors want to bring that as a separate claim, they're free to do so. And in terms of the delay or prejudice to the adjudication of the original parties' rights, I don't find that that will occur under Rule 24[b](3). It's a pretty narrow issue that the intervenors are raising.

(Dkt 17 at 21). An order effectuating the Magistrate Judge's bench opinion was entered September 9, 2015 (Dkt 16). The parties subsequently filed the papers at bar.[1]

## II. DISCUSSION

### A. Standard of Review

"[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," with certain exceptions. 28 U.S.C. § 636(b)(1)(A). A judge of the court, in turn, "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* "A party may serve and file objections to the order within 14 days after being served with a copy." FED. R. CIV. P. 72(a) (Nondispositive Matters).

### B. Analysis

The right to intervene is governed by Federal Rule of Civil Procedure 24, which provides in pertinent part the following:

---

[1]Intervenors did not lodge an objection to the Magistrate Judge's decision to exclude the FOIA claims in Counts II, III and IV of their Counterclaim.

    **(a)**    **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:

        **(1)**    is given an unconditional right to intervene by a federal statute; or

        **(2)**    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

    **(b)**    **Permissive Intervention.**

        **(1)**    *In General.* On timely motion, the court may permit anyone to intervene who:

            (A)    is given a conditional right to intervene by a federal statute; or

            (B)    has a claim or defense that shares with the main action a common question of law or fact.

        **(2)**    *By a Government Officer or Agency. . . .*

        **(3)**    *Delay or Prejudice.*  In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

FED. R. CIV. P. 24.

Here, Plaintiffs object to the Magistrate Judge's decision for the following three reasons:  (1) "the decision ignores that neither the Sowers nor Neighbors for Neighborhood have an interest in this case"; (2) the decision is "contrary to binding Sixth Circuit precedent"; and (3) the decision "incorrectly relies on Intervenors' declaratory judgment claim against the City, which is moot and seeks inappropriate relief" (Dkt 19).

Defendant similarly argues that intervenors do not possess a direct and substantial interest in the litigation and that the Magistrate Judge therefore erred in granting the motion (Dkt 18 at 3).

Defendant opines that intervenors accomplished what they sought to accomplish by filing the protest petition, to wit:  the rezoning request was not approved by the requisite majority of city council members (*id.* at 5).  Defendant argues that the only "interest" the proposed intervenors can still have at this juncture is in the City's enforcement of the extant ordinance, which, as the Sixth Circuit has made clear, is an insufficient basis on which to grant intervention (*id.*).

Intervenors respond that they were properly granted permissive intervention for two main reasons:  (1) "the City did not have jurisdiction or authority under its Zoning Ordinance to consider the rezoning application because the application failed to meet one or more of the 'Qualifying Conditions' required by the City's Zoning Ordinance"; and (2) "the City does not adequately represent Cross-Plaintiffs" (Dkt 25 at 3).  According to intervenors, Defendant's position is clearly adverse to theirs inasmuch as "the City disagrees that it failed to properly follow the process required by its own Zoning Ordinance" and "the City also has its own incentive for allowing the development, namely that it has purportedly agreed to sell City-owned park property to Plaintiffs for the proposed development" (*id.*).  Intervenors opine that this case is a "manufactured lawsuit" and a "sham used only as pretext for the City and developer to negotiate some settlement or consent judgment to permit the development" (*id.*).

As a threshold matter, intervenors and the objecting parties disagree about whether the Magistrate Judge found intervenors met the standards for intervention as of right under Rule 24(a) or the standards for permissive intervention under Rule 24(b).  The Magistrate Judge's effectuating order did not reference a subdivision of Rule 24.  Intervenors assert that the Magistrate Judge "clearly" granted them permissive intervention (Dkt 25 at 4), Defendant's objections address only intervention as of right (Dkt 18 at 2), and Plaintiffs' objections make no distinction at all between

the two subdivisions of the rule.  In the interest of thoroughness, the Court will examine the Magistrate Judge's decision under both subdivisions of Rule 24.

1.    *Intervention of Right*

The Sixth Circuit has held that proposed intervenors must establish four elements in order to be entitled to intervene as a matter of right:  "(1) that the motion to intervene was timely;  (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest."  *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999).  Although Rule 24 should be "broadly construed in favor of potential intervenors," *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991), "[t]he proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied," *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

The objecting parties do not challenge the timing of the motion to intervene in this case.  The analysis under this subdivision of the rule instead turns on the nature of intervenors' "interest" in the subject matter of the case, which intervenors identify as their "opposition" to the proposed rezoning and development of the property and its resulting "impact" on them (Dkt 5, Mot. ¶ 18).  The objecting parties properly reject such "interest" as insufficient under Sixth Circuit precedent.

Specifically, in *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309 (6th Cir. 2005), the Sixth Circuit affirmed the denial of a motion to intervene as of right by a committee that existed to support a local referendum to amend a zoning ordinance.  *Id.* at 316.  As a threshold matter, the Sixth Circuit questioned whether the committee even had a basis from which to claim

a substantial legal interest in protecting the results of the referendum where the committee was not incorporated until after the referendum petitions were submitted. *Id.* Further, because the committee's interest lay only in passing the referendum, the Court reasoned that "[a]ny substantial legal interest held by 'the duly authorized committee for a referendum which circulated the referendum petitions' was terminated when the referendum was held and the results certified." *Id.* at 317. Last, because the committee had expressed its "interest in protecting 'the vote of the people and the results of the election against its destruction and nullification through a Settlement Agreement or Consent Judgment destroying the vote of the people and the results of the election,'" *id.* at 315, the Sixth Circuit opined that the committee's interest in a negotiated settlement was "so generalized it will not support a claim for intervention of right," *id.* at 317 (citation omitted).

Here, too, even assuming arguendo that intervenors at bar—non-signatories to the protest petition—have a proper basis from which to claim a substantial legal interest in the subject matter of this case, their interest in defeating the rezoning application was terminated when the City Council vote was held and the rezoning was, in fact, denied. *See also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345 (6th Cir. 2007) (denying intervention by an organization that was created for only one specific ballot initiative and its legal interest was "limited to the passage of the Act rather than the state's subsequent implementation and enforcement of it").

*Providence Baptist* also instructs that intervenors' concern that the denial of the rezoning application "could" ultimately be overturned (Dkt 25 at 10) is a concern too generalized to support a claim for intervention of right. *Providence Baptist*, 425 F.3d at 317. *See also Reliastar Life Ins. Co. v. MKP Investments*, 565 F. App'x 369, 371-72 (6th Cir. 2014) (denying the banks' requested leave to intervene based solely on their interests in the proceeds of the policies and opining that "our

case law's requirement that proposed intervenors possess 'a significant legal interest in the subject matter of the litigation' is not without meaning").

Intervenors argue that *Providence Baptist* is distinguishable from this case because *Providence Baptist* "did not involve a challenge to the authority of a municipality" and intervenors here seek a declaratory judgment that the City "never had jurisdiction or authority to consider the application" (Dkt 25 at 9). The Magistrate Judge similarly distinguished *Providence Baptist* on this basis, ruling that "the allegation that the ordinance wasn't followed ... defeats Plaintiffs' claim" (Dkt 17 at 21). However, the Court agrees with Plaintiffs that "intervenors should not be allowed to rely on their specious declaratory judgment claim to bootstrap themselves into this lawsuit" (Dkt 19 at 12).

"Before a court can grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the court must determine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of a declaratory judgment.'" *Blakely v. United States*, 276 F.3d 853, 872 (6th Cir. 2002) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). "A court looks not to whether the parties once satisfied the requirement, but whether there is an existing case or controversy." *City of Parma, Ohio v. Cingular Wireless, LLC*, 278 F. App'x 636, 641 (6th Cir. 2008) (citing *Golden*, 394 U.S. at 108).

Here, intervenors seek a declaration from the Court that due to the technicality they identified and Defendant's concomitant improper processing of Plaintiffs' rezoning application, Defendant lacked jurisdiction or authority to consider the rezoning application (Dkt 5-3, Countercl. ¶¶ 26-27). However, intervenors would suffer no hardship absent a declaratory judgment. There is no

controversy of "sufficient immediacy and reality" to warrant the issuance of a declaratory judgment. Rather, the Court's opinion on the propriety of the application processing, or lack thereof, would be an academic exercise. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 138 (2007) (distinguishing a "real and substantial controversy" from "an opinion advising what the law would be upon a hypothetical state of facts"); *see, e.g., Anderson v. Meridian Charter Twp.*, No. 275186, 2008 WL 142414, at *4 (Mich. Ct. App. Jan. 15, 2008) ("Determining whether the original rezoning action was 'void' would be an act without meaning and steeped in futility."). In other words, intervenors' proposed declaratory judgment claim is moot, and this Court, of course, lacks jurisdiction to decide moot claims. *See Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Last, intervenors also rely on the decision in *Schall v. City of Williamston*, No. 317731, 2014 WL 6860265 (Mich. Ct. App. Dec. 4, 2014), and cases cited therein, to support their position that they, as neighboring residents, "have a substantial legal interest relating to the Property or transaction that is the subject of this case to assert this [declaratory judgment] claim" (Dkt 25 at 8). However, in *Schall*, the Michigan court of appeals merely held that "a neighboring landowner may bring an equitable action to enjoin a violation of local zoning that is a nuisance per se," *id.* at *4, a holding that does not aid the Court's intervention analysis under Federal Rule of Civil Procedure 24.

In sum, the Court determines that *Providence Baptist* controls the result in this case, and that the presence of intervenors' declaratory judgment claim does not operate to distinguish this case from *Providence Baptist.* Accordingly, the Court determines that intervenors have not demonstrated a substantial legal interest in the subject matter of this case. Consequently, the Court need not address the remaining intervention-as-of-right elements: whether that interest may be impaired absent intervention, and whether that interest may not be adequately represented by the parties

already before the court.  The Magistrate Judge's decision, to the extent it was based on Rule 24(a), cannot be sustained.

2.    *Permissive Intervention*

For permissive intervention under Rule 24(b), "the court may permit anyone to intervene who" files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact," provided "the court ... consider[s] whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b).  Again, intervenors argue that they were properly granted permissive intervention where (1) "the City did not have jurisdiction or authority under its Zoning Ordinance to consider the rezoning application" and (2) "the City does not adequately represent Cross-Plaintiffs" (Dkt 25 at 3).  While intervenors' declaratory judgment claim arises from facts common to the main action, the claim is moot, for the reasons previously stated, making even permissive intervention unwarranted.  Therefore, the Magistrate Judge's decision also cannot be sustained under Rule 24(b).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections to the Magistrate Judge's September 9, 2015 Order (Dkts 18 & 19) are GRANTED.

**IT IS FURTHER ORDERED** that the September 9, 2015 Order is REVERSED and VACATED, and the Motion to Intervene (Dkt 5) is instead DENIED.

Date:  October 28, 2015                              /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge

11